UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

NODUS INTERNATIONAL BANK, INC.
a Puerto Rican Corporation,

      Plaintiff,

v.

FRANCISCO AROCHA-HERNANDEZ, individually,
5711 MIAMI BEACH, LLC, a Florida limited liability company,
STEEVE SAIEH, individually, and NAWAL AYOUB, individually,

      Defendants.
_____/

## COMPLAINT

Plaintiff, Nodus International Bank, Inc., by and through its undersigned counsel, sues

Defendants, Francisco Arocha-Hernandez, 5711 Pinetree Drive, LLC, Steeve Saieh, and Nawal

Ayoub, and states:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff, Nodus International Bank, Inc. ("Nodus Bank"), is a Puerto Rico

corporation with its principal office address at 252 Ponce de Leon Ave., Citi Towers Building,

Suite 1501, San Juan, Puerto Rico 00918.

2.     Defendant Francisco Arocha-Hernandez ("Arocha") is a Florida resident with his

principal abode at 6301 Pine Tree Drive, Miami Beach, Florida 33141, and is *sui juris*.  Arocha

has also consented to jurisdiction by way of a mandatory forum selection clause in the Promissory

Note and Pledge Agreement (the "Note") that is the subject of this lawsuit.

3.     Defendants Steeve Saieh and Nawal Ayoub are Florida citizens who, on

information and belief, reside at 115 Venetian Way, San Marino Is, Miami Beach, FL 33139, and

are *sui juris*.  STEEVE SAIEH and NAWAL AYOUB were also the recipients of real property located in Miami-Dade County Florida through a fraudulent transfer, as further alleged herein.

4.      Defendant 5711 Miami, Beach, LLC is a Florida limited liability company with is principal place of business located at 201 S. Biscayne Boulevard, 2600 Suite 801, Miami, Florida 33131.  Arocha is the 100% owner of 5711 Miami Beach, LLC.  5711 Miami Beach, LLC was also the seller of real property in Miami-Dade Florida through a fraudulent transfer.

5.      This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney's fees, and this controversy is between citizens of different States.

6.      Venue is proper because Defendant Arocha is domiciled in Miami-Dade County and, pursuant to that certain Note's fourteenth paragraph, has agreed to venue in Miami-Dade County.  Defendant 5711 Miami Beach, LLC is a Florida limited liability corporation owned 100% by Arocha and fraudulently transferred real property located in Miami-Dade County.  Steeve Saieh and Nawal Ayoub were the recipients of a fraudulent transfer that occurred in Miami-Dade County and upon information and belief are domiciled in Miami-Dade County.  Finally, venue is proper because the events underlying this Complaint principally occurred in Miami-Dade County.

## GENERAL ALLEGATIONS

7.      On or about April 17, 2018, Arocha filed a loan application with Nodus Finance, LLC.  A copy of the loan application and related documents provided by Arocha is attached as Composite Exhibit "A."

8.      As part of the loan application process, Arocha provided a financial analysis statement of his assets as of February 2018, wherein he represented that he had total assets of $69,650,000.00, a net worth of $39,100,472.  *Id*. He also provided a letter from the human

resources manager of HES Management and Services, LLC, advising that Arocha was the CEO/Managing Partner with an annual salary of $600,000.00.

9.　　Nodus Finance, LLC relied on that representation, and approved Arocha for a loan of $1,500,000.00. On or about May 2, 2018, Arocha executed and delivered to Nodus Finance, LLC a Note in the principal amount of One Million Five-Hundred Thousand Dollars ($1,500,000.00), a true copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference.

10.　　On the same day, the Note was sold to Nodus Bank via a Loan and Purchase Agreement, a true copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference. The owner and holder of the Note from that moment forward was Nodus Bank.

11.　　The Note provides for payment of interest at the annual rate of 9.25%, or $11,562.50 per month, until the maturity date of May 2, 2019.

12.　　The Note provides for a post-default interest rate of 18% per annum.

13.　　As security for the Note, Arocha pledged and endorsed a Certificate for 100% of the shares in Codazzi Investments, LLC, a Florida limited liability company, a true and correct copy of which is attached hereto as Exhibit "D" and incorporated herein by this reference, and "all assets of Debtor [identified as Arocha], including but not limited to those listed on the atteached (sic) schedule" pursuant to a UCC-1 Financing Statement ("Financing Statement"), a true and correct copy of which is attached hereto as Composite Exhibit "E" and incorporated herein by this reference. (the "Security").

14.　　The Financing Statement for the Security and the Note was registered with the State of Florida on or about July 9, 2018. *See id*.

15.     Importantly, the schedule attached to the Financing Statement pledges as collateral all assets of Arocha, "real and personal, tangible and intangible . . ." (Paragraph (r)), including "all proceeds of Collateral of every kind and nature in whatever form, including, without limitation, both cash and non-cash proceeds resulting or arising from the . . . sale or disposition by [Arocha] of . . . other Collateral" (Paragraph (k)).

16.     On its face, the Note matured on May 2, 2019.  However, there was an interim extension of the Note to October 2, 2019, wherein the parties executed a Modification Agreement to the Note ("Modification Agreement").  A true and correct copy of the Modification Agreement is attached hereto as Exhibit "F" and incorporated herein by this reference.

17.     Under the Modification Agreement, the new loan amount became One Million Three-Hundred Fifty Thousand Dollars ($1,350,000.00) with a maturity date of December 23, 2019.  *Id*.   The Modification Agreement required interest-only payments on October 2, 2019, November 2, 2019, and December 2, 2019.  *Id*.  Prior to the maturity date, Arocha was also to make a payment of $300,000.00 towards principal, and pay all interest that was in arears (approximately $50,000.00).  *Id*.  All other terms of the Note remained in force and effect.  *Id*.

18.     Prior to the execution of the Modification Agreement, Arocha provided a financial disclosure through his accountant to Nodus.  A true and correct copy of the Statement of Financial Condition is attached hereto as Exhibit "G" and incorporated herein by this reference.

19.     That document listed Arocha's assets north of $52,000,000, and, importantly, included his 100% ownership interests in:

> a. Codazzi, Global Group Ltd., which holds a 100% interest in HES Group Holding, LLC.  HES, in turn, has an interest in various companies valued over $19,000,000.00.

      b.  5711 Pinetree Drive, LLC (also known as 5711 Miami Beach, LLC), which owned a 100% interest in residential real estate in Miami Beach, Florida with a net market value of $12,000,000.00 as of June 30, 2019.  The mortgage on the property was alleged to be $5,350,000.00.

      c.  6301 La Gorce, LLC, which owns 100% interest in residential real estate in Miami Beach, Florida with a net market value, as of June 30, 2019, of $11,000,000.00.   The mortgage on the property was alleged to be $6,100,000.00.

*See id*. at 3-6.  Arocha fraudulently presented the status of his financial condition to induce Nodus Bank to execute the Modification Agreement, thus buying Arocha time to fraudulently transfer collateral without paying his obligation under the Note.

20.    Arocha failed to make the required payments of principal and interest under the Note and the Modification Agreement.  Nodus Bank has been attempting to collect on the amount due, without success.  Arocha continually asserted that just a few weeks extension would allow him to gather funds to pay a portion of the Note.  Each of those communications bought Arocha more time, but did not result in payments on the Note due to Nodus Bank.

21.    Indeed, in one WhatsApp exchange, Arocha stated that he was in the process of closing on the sale of one of his houses, which would provide him "liquidity."  Nodus Bank believed that, if either of the properties owned by Arocha in Miami Beach sold, given that each had a mortgage of approximately half the purported value, that the Note would be paid.

22.    5711 Miami Beach, LLC did sell the property located at 5711 Pine Tree Drive, Miami, Florida 33140 on or about April 24, 2020 to Steeve Saieh and Nawal Ayoub at a fire-sale-price of $7,000,000.00—substantially less than the disclosed value of $12,000,000.  A true and

correct copy of the April 24, 2020 Warranty Deed is attached hereto as Exhibit "H" and incorporated herein by this reference.  None of the funds from the sale were used by Arocha to pay his obligation under the Note, despite the fact that Arocha had pledged all his assets, including all real estate and all proceeds from the sale of real estate, to pay the Note.  *See* Exhibit "E."

23.     Despite his seeming unwillingness to pay his debts with Nodus Bank, Arocha continues to hold himself out to the world as a successful businessman.  In a recently published article, and, ironically, at around the same time that Arocha told Nodus Bank he has no liquidity to pay the Note, Arocha published an article wherein he claimed HES Group grossed revenue of over $14,000,000.00 in 2019, generated from two hotels with 331 rooms, and two more hotels opening soon—one as early as August 2020.  A true and correct copy of the Hotel Business article "HES Group expands in Miami and beyond" is attached hereto as Exhibit "I" and incorporated herein by this reference.

24.     On June 19, 2020, Nodus Bank sent Arocha a demand for payment of $1,369,595.53 in unpaid principal and $33,469.51 in unpaid interest under the Note/Modification Agreement.  A true and correct copy of the June 19, 2020 Letter is attached hereto as Exhibit "J" and incorporated herein by this reference.  Arocha has failed to make any payment of the amounts owed as of the filing of this Complaint.

25.     The Note provides for prevailing party attorney's fees and costs.

26.     Plaintiff has been obligated to retain the below-signed law firm and to pay them a reasonable fee and for costs in order to bring suit for payment under the Note.

27.     All conditions precedent to bringing this lawsuit have been performed, excused, and/or waived.

## COUNT I – BREACH OF THE NOTE
**(Against Arocha)**

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

28.     Plaintiff owns and holds the Note as amended by the Modification Agreement.

29.     Defendant Arocha is obligated to pay Plaintiff principal and interest as set forth in the Note as amended by the Modification Agreement.

30.     Despite lawful demand, Defendant Arocha has failed to pay Plaintiff under the Note and remains in default.

31.     As a result of Defendant Arocha's breach of the Note, Plaintiff has suffered damages.

32.     Defendant Arocha owes Plaintiff $1,369,595.53 in unpaid principal, plus 18% per annum, as well as costs and attorney's fees incurred in bringing this action, all as provided under the terms of the Note as amended by the Modification Agreement.

WHEREFORE Plaintiff, NODUS INTERNATIONAL BANK, INC., demands judgment against Defendant, Francisco Arocha-Hernandez, for the amount of $1,369,595.53 in unpaid principal, plus interest accrued under the terms of the Note as amended by the Modification Agreement, as well as costs and attorney's fees incurred in bringing this action, and for such further relief as the Court deems just.

## COUNT II – MONEY LENT
## IN THE ALTERNATIVE TO COUNT I
**(Against Arocha)**

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

33.     Plaintiff delivered $1,500,000.00 to Defendant Arocha.

34.    The money was intended as a loan.

35.    Of that money, Defendant Arocha owes Plaintiff $1,369,595.53 with interest as money lent by Plaintiff to Defendant Arocha in or about May 2018 and which Defendant Arocha has failed or refused to pay.

WHEREFORE Plaintiff, NODUS INTERNATIONAL BANK, INC., demands judgment against Defendant, Francisco Arocha-Hernandez, for $1,369,595.53 in principal, plus interest accrued, and for such further relief as the Court deems just.

## COUNT III – FRAUD
### (Against Arocha)

Nodus Bank realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

36.    Arocha knowingly made multiple misrepresentations prior to the execution of the Modification Agreement, including the following:

a.    That Arocha had the means, ability, and intent to repay the principal and interest due on the Note;

b.    Arocha also fraudulently represented that he had the means, ability, and intent to repay the Note when the parties executed the Modification Agreement, providing a financial report that falsely represented his assets and liabilities;

c.    That Arocha intended to sell one of his properties located at 5711 Pine Tree Drive, Miami, Florida 33140 to obtain liquidity in order to repay the Note; and

d.    That Arocha did not have the financial means to repay the principal and interest due on the Note as amended by the Modification Agreement when he had defaulted on the Note in 2020.

37.    Arocha made these misrepresentations through WhatsApp messages, telephone calls, and documents provided to Nodus Bank.

38.    Arocha made these misrepresentations with the intent of inducing Nodus Bank to rely on them, so that he could buy time to fraudulently transfer his assets and deprive Nodus Bank of the ability to foreclose on the collateral.

39.    Nodus Bank relied on Arocha's misrepresentations when it agreed to postpone collection and foreclosure by executing the Modification Agreement, thus, unwittingly, giving Arocha sufficient time to fraudulently transfer his assets.

40.    As a result of Arocha's conduct, Nodus Bank was damaged.

WHEREFORE Plaintiff, NODUS INTERNATIONAL BANK, INC., demands judgment against Defendant, Francisco Arocha-Hernandez, for $1,369,595.53 in principal, plus interest accrued, and for such further relief as the Court deems just.

### COUNT IV – FRAUDULENT TRANSFER
### (Against Arocha, 5711 Pine Tree Drive, LLC, Steeve Saieh, and Nawal Ayoub)

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

41.    Nodus Bank is a creditor of Arocha, and Arocha is a debtor of Nodus Bank.

42.    As part of the creditor / debtor relationship, the parties' executed a Note and a Modification Agreement which governed the terms of their creditor / debtor relationship.

43.    Nodus and Arocha further secured the debt by filing the Financing Statement with the State of Florida, wherein Arocha pledged all assets as collateral for the re-payment of the Note. *See* Composite Exhibit "E."

44.    On April 24, 2020, while being in default under the Note and actively attempting to delay his repayment obligations to Nodus Bank, Arocha caused his company, 5711 Miami

Beach LLC to sell its asset, a property located at 5711 Pine Tree Drive, Miami, Florida 33140, to Steeve Saieh and Nawal Ayoub. *See* Exhibit "H."

45.   The transfer was made with actual intent to hinder, delay, and defraud Nodus Bank and its ability to recover the monies owed to it.

46.   In the alternative, Arocha made the transfer for less than reasonably equivalent value, and, at the time of the transfer:

   a.   Arocha's remaining assets were unreasonably small in relation amounts needed to satisfy the repayment of the note; or,

   b.   Arocha intended to incur, or reasonably should have believed that he intended to incur, debts beyond his ability to pay as they became due.

47.   As a result of the fraudulent transfer, Nodus Bank has been injured.

WHEREFORE Plaintiff, NODUS BANK, demands all relief allowable under Florida Statute Section 726.108, including:  (1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee; (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure: (a) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property, (b) appointment of a receiver to take charge of the asset transferred or of other property of the transferee, or (c) any other relief the circumstances may require.  Further, if a judgment is obtained against Arocha, Nodus Bank requests an order of the court allowing Nodus Bank to levy execution on the asset transferred and its proceeds.

## COUNT V – FORECLOSURE ON SECURITY INSTRUMENT
### (Against Arocha)

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

48.     This is an action to foreclose security interests encumbering real and personal property located in Miami, Florida as described in the Note and Financing Statement.

49.     The Note is in default as a result of Arocha's default for, among other things, failure to remit monthly payments when due under the Note as amended by the Modification Agreement.

50.     Nodus Bank is entitled to foreclose on the Collateral secured under the UCC and Note and to a judgment requiring the sale of the Collateral identified in the Note and Financing Statement to partially offset or satisfy sums due to Nodus Bank from Arocha.

51.     Upon information and belief Arocha presently owns, holds title to, and possesses the Collateral.  The Collateral includes 100% interest in Codazzi Investment, LLC and all assets pledged under the Financial Statement, including but not limited to:

a.   A yet to be identified vessel;

b.   All real estate owned directly by Arocha or one of his entities;

c.   100% ownership interest in 5711 Miami Beach LLC, which is the 100% owner real property located in Miami, Florida;

d.   100% ownership interest in 6301 La Gorce, LLC, which is the 100% owner of real property located in Miami, Florida;

e.   100% ownership interest in Codazzi Global Group Ltd., which is the 100% owner of HES Group Holding, LLC.

f.   100% ownership interest in HES Holding Group, LLC, which has ownership interests in: (1) Aventura Hotel Properties, LLC, which represents a 90%

interest in hotel development projects in Miami, Florida; (2) Mary Brickell Village Hotel, LLC, which represents a 7.76% interest in a hotel in Miami, Florida; (3) Mary Brickell Management, LLC, which represents a 25% interest in a management company in Miami, Florida; (4) Coral Gables Hotel Properties, LLC, which represents a 3.33% interest in a hotel in Coral Gables, Florida; (5) Coral Gables Hotel Management, LLC, which represents a 25% interest in a management company in Miami, Florida; (6) West Brickell Hotel, LLC, which represents a 3.87% interest in a hotel in Miami, Florida; (7) West Brickell Hotel Management, LLC, which represents a 25% interest in a management company in Miami, Florida; (8) HES Management and Services, LLC, which represents a 50% interest in a management and services company in Miami, Florida; (9) ARVI Investment Group, LLC (through HES Management and Services, LLC), which represents a 25% interest in an investment company in Miami, Florida; (10) Metropolis Coral Gables, LLC, which represents a 14% interest in a restaurant in Coral Gables, Florida.

52.     Upon information and belief, Nodus Bank' lien against the Collateral under the Note and Financing Statement is superior to any and all rights of any third parties or any other persons or entities claiming by, through or against Arocha.

53.     Nodus Bank has retained the undersigned attorneys to represent it in this action and has agreed to pay the attorneys a reasonable fee and costs for their services, for which amount Arocha is obligated pursuant to the terms and conditions of the Security Agreement.

WHEREFORE, Plaintiff, NODUS INTERNATIONAL BANK, INC., respectfully demands that: (1) the Court enter Judgment foreclosing Nodus Bank's security interest in the UCC

Collateral as listed in the Financial Statement and as described in Article 9 of the Florida Uniform Commercial Code; (2) the Court decree that Nodus Bank has a lien in the Collateral, including, but not limited to, equipment, fixtures, building materials, personal property and general intangibles of any nature whatsoever owned by Arocha, either directly or through his various companies, as more fully described in the UCC and the Financing Statement; (3) if the sums due to Nodus Bank as secured by the Note and Financing Statement are not paid immediately, the court shall foreclose on the personal property in accordance with the rules and the established practice of this Court, and the clerk of the court shall sell the personal property to satisfy the amount owed to Nodus Bank in accordance with the provisions of Florida Statutes, Section 45.031; (4) the Court decree that the security interest of Nodus Bank with respect to Personal Property are superior and paramount to all liens, rights, title and interests of any party claiming by, through, under or against any Defendant, and that such liens, rights, title or interest of any Defendant named herein or after made a Defendant, or any party claiming by, through, under or against any Defendant be forever barred and foreclosed.

## COUNT VI – UNJUST ENRICHMENT
## IN THE ALTERNATIVE TO COUNTS I-VI
### (Against Arocha)

Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein, and further alleges:

54.     Nodus Bank conferred a benefit on Arocha in the amount of $1,369,595.53.

55.     Arocha voluntarily accepted and retained that benefit.

56.     The circumstances are such that it would be inequitable for Arocha to retain the benefits he obtained without paying the fair value thereof to Nodus Bank.

WHEREFORE Plaintiff, NODUS INTERNATIONAL BANK, INC., demands judgment against Defendant, Francisco Arocha-Hernandez, for $1,369,595.53, plus reasonable interest as allowed by law, and for such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Nodus Bank demands a jury trial for all issues so triable.

Dated: July 28, 2020                    Respectfully submitted,

                                        DIAZ, REUS & TARG, LLP
                                        100 Southeast Second Street
                                        3400 Miami Tower
                                        Miami, Florida 33131
                                        Telephone (305) 375-9220

                                        By: */s/* Michael Diaz
                                        Michael Diaz, Jr., (Florida Bar No. 606774)
                                        Attorney Email Address: mdiaz@diazreus.com
                                        Brant C. Hadaway (Florida Bar No. 494690)
                                        Attorney Email Address: bhadaway@diazreus.com
                                        Roland Potts (Florida Bar No. 87072)
                                        Attorney Email Address: rpotts@diazreus.com
                                        Ta'Ronce M. Stowes (Florida Bar No. 107421)
                                        Attorney Email Address: tstowes@diazreus.com
                                        *Counsel for Plaintiff*