UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23112-cv-SCOLA/TORRES

NODUS INTERNATIONAL BANK, INC.,

    Plaintiff,

vs.

FRANCISCO AROCHA HERNANDEZ, *et al.*

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON MOTION FOR ENTRY OF CONSENT JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT**

This matter is before the Court on Nodus International Bank, Inc.'s ("Plaintiff" or "Nodus Bank") motion to enforce a settlement agreement for judgment against Francisco Arocha ("Arocha"). [D.E. 37]. Arocha did not respond to the Motion and the deadline for doing so has now elapsed. Therefore, the Motion is now ripe for disposition.[1] After careful consideration of the Motion, the record, the relevant authorities, and for the reasons discussed below, Defendants' Motion should be DENIED.

---

[1] On January 20, 2022, the Honorable Robert N. Scola referred the Motion to the undersigned Magistrate Judge for a Report and Recommendation. [D.E. 40].

## I.  BACKGROUND

This case arises from Arocha's purported failure to make good on a promissory note (the "Note") that was allegedly transferred to Nodus Bank. Nodus Bank alleged that Arocha breached the Note by failing to repay it and asserted related claims for fraudulent conduct. [D.E. 1].

On January 5, 2021, the Court ruled on Arocha's Motion to Dismiss, holding that Nodus had standing to sue and had sufficiently plead a claim for breach of the Note, but dismissing the fraud allegations. [D.E. 33]. Soon thereafter, on *January 14, 2021*, the parties filed a Joint Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [D.E. 34]. The parties stipulated to dismissal of the case without prejudice pursuant to a "confidential settlement agreement reached between the parties[.]" *Id*. The Stipulation is signed by attorney Marta Coloma-Garcia on behalf of Nodus Bank, and attorney Jorge Mestre on behalf of Arocha. *Id*. The next day, on *January 15, 2021*, the Court entered an Order of Dismissal. [D.E. 35]. Upon the parties' Stipulation, the Court ordered the action dismissed without prejudice and stated that "[t]he Court reserves jurisdiction to enforce the parties' settlement agreement." *Id*.

Approximately one year later, on January 4, 2022, Nodus Bank filed the motion at hand, alleging that Arocha has failed to make payment in breach of the Settlement Agreement, and seeking enforcement. [D.E. 37]. Specifically, Nodus Bank seeks to enforce paragraph 4.a of the Agreement, which provides that, upon Arocha's failure to cure a default, Nodus Bank will be entitled to the immediate entry

of a "Consent Judgment for the Total Settlement Amount less any payments already made by Arocha." [D.E. 37-1, ¶ 4.a].

## II. APPLICABLE PRINCIPLES AND LAW

Before the Court can address the substantive arguments made in the Motion, it must first ensure it has subject matter jurisdiction to enforce the settlement agreement in this case. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction sua sponte.").

## III. ANALYSIS

The Eleventh Circuit has expressly outlined the steps that parties dismissing a case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) must follow to ensure that the Court retains jurisdiction to enforce their settlement agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012) (setting the framework for the application of *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) within the Eleventh Circuit). A review of the parties' Stipulation and the record in this case reveals that the stipulation of voluntary dismissal failed to comply with the Eleventh Circuit's holding in *Anago* and, as such, this Court did not and could not retain jurisdiction to enforce the settlement agreement. Accordingly, Plaintiff's motion for enforcement of the settlement agreement should be Denied, without

prejudice based on lack of jurisdiction. Plaintiff would remain free to enforce the settlement agreement through a separate breach of contract action.

We are constrained to recommend this disposition based on binding precedent we must apply. In *Anago*, the Eleventh Circuit held that in order for a court to have jurisdiction to enforce the parties' settlement agreement following dismissal of a case under 41(a)(1)(A)(ii), at least one of two conditions must take place: (1) the court must have issued an order retaining jurisdiction ***prior to*** the filing of the stipulation, or (2) the parties must have ***conditioned their stipulation of dismissal*** on the entry of an order retaining jurisdiction, and the Court must have incorporated the terms of that settlement into the order dismissing the case. *Anago*, 677 F.3d at 1280

Neither condition was met in this case. For starters, the parties' stipulation of dismissal, which they filed on January 14, 2021, did not make its effectiveness conditional on the Court's entry of an order retaining jurisdiction over the settlement. [D.E. 34].[2] As the Eleventh Circuit explained in *Anago*, "the plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective. The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence." *Anago*, 677 F.3d at 1280. Accordingly, upon filing of the parties' non-

---

[2] The stipulation reads as follows: "Pursuant to Federal Rule of Civil Procedure 41(a) and the confidential settlement agreement reached between the parties, Plaintiff, Nodus International Bank, Inc., and Defendant Francisco Arocha-Hernandez, hereby stipulate to the dismissal of this action without prejudice. The parties ask that the Court reserve jurisdiction to enforce their settlement agreement."

conditional stipulation, this case was effectively dismissed and the court divested of jurisdiction. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010).

Second, the Court's subsequent Order of Dismissal, entered on January 15, 2021, purporting to retain jurisdiction over the settlement agreement does not cure this deficiency. Again, *Anago* dictates that "the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation [.]" *Anago*, 677 F.3d at 1280. As the stipulation of dismissal was not conditional and it preceded the filing of the Court's order, the Plaintiff cannot establish that there is an independent basis for this Court's exercise of jurisdiction over the settlement agreement. *See Kokkonen*, 511 U.S. at 378-80 ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Although both the stipulation and the settlement provide that the parties agreed for the Court to reserve jurisdiction to enforce their settlement agreement, mutual agreement alone is not sufficient. *Anago*, 677 F.3d at 1279 ("To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough."). Moreover, the fact that the Court's Order of Dismissal provides that "The Court reserves jurisdiction to enforce the parties' settlement agreement" does not cure the absence of the mandatory conditionality in the stipulation, or the mandatory court action prior to the filing of the stipulation. *See id.* at 1279 ("[A] district court cannot retain jurisdiction by issuing a postdismissal

order to that effect."); *see also Ray v. Hill*, No. 17-CV-14266, 2020 WL 6785338, at *5 (S.D. Fla. Nov. 2, 2020), report and recommendation adopted, No. 17-14266-CIV, 2020 WL 6781786 (S.D. Fla. Nov. 18, 2020) (refusing to exercise jurisdiction in analogous case because "[b]ecause the Stipulation of Dismissal in this case was effective on filing, any order to retain jurisdiction issued after that point would be 'superfluous' and have no effect.") (citing *SmallBizPros*, 618 F.3d at 462); *Otegui v. City Works Constr. LLC,* No. 14-21057-CIV, 2017 WL 945638, at *4 (S.D. Fla. Jan. 17, 2017) (noting that post-dismissal order, issued by a court that has already lost jurisdiction over the case, is ineffective); *NeiPlowden v. Exact Plumbing, Inc.*, No. 6:04CV1567ORL28KRS, 2005 WL 2850075, at *2 (M.D. Fla. Oct. 28, 2005) (dismissing for lack of jurisdiction where parties did not ask the court to retain jurisdiction over settlement prior to dismissal).

In sum, the parties' stipulation of dismissal and the record in this case do not satisfy the requirements articulated by the Eleventh Circuit in *Anago*. Technically, this Court does not have jurisdiction to enforce the terms of the parties' settlement agreement even though that might have been the intended remedy and may have been more efficient. Under the binding caselaw that ties our hands in this case, we have no choice but to enforce *Anago. See also DeRoy v. Carnival Corp.,* 963 F.3d 1302, 1311 (11th Cir. 2020) ("Federal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties.").

Again, that does not leave Plaintiff without a remedy. The parties' agreement may always be enforced through a separate breach of contract action. For now the pending motion should be denied.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion to enforce the settlement agreement should be **DENIED** for lack of jurisdiction.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, Plaintiff has fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Judge Robert N. Scola. As such, written objections are **due by May 23, 2022**. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 9th day of May, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge